William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys For
CONNIE ANDERSON

**FILED**
DISTRICT COURT OF GUAM
JUL 14 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

OF GUAM

| | |
|---|---|
| CONNIE ANDERSON,<br><br>        Plaintiff,<br><br>vs.<br><br>ARMORED EXPRESS SERVICES, INC.,<br><br>        Defendant.<br>_____/ | CIVIL CASE NO. **06-00019**<br><br>**COMPLAINT TITLE VII; and<br>DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, CONNIE ANDERSON, by and through counsel, and for her Complaint against Defendant states as follows:

### COUNT I – TITLE VII (SEXUAL HARASSMENT)

1. This Court has jurisdiction of the Title VII claims herein pursuant to 28 U.S.C. §§1331 and 1343(4). This action arises under the Constitution and laws of the United States. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§2000e et seq. Venue herein is proper under 28 U.S.C. §1391(b) and 42 USC §2000e-5(f)(3).



2.  At all times herein mentioned in this complaint, Plaintiff was a resident of Guam and was employed by Defendant in Guam.

3.  Plaintiff is female.

4.  Plaintiff filed a charge of discrimination, satisfying the requirements of 42 U.S.C. §20003-5(b) and (e) with the Equal Employment Opportunity Commission. Such charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred. (A copy of the charge is attached hereto and incorporated herein by reference.) Less than ninety (90) days prior to the filing of this complaint, the Justice Department issued to the Plaintiff a Notice of Right to Sue with respect to such charges of discrimination.

5.  Throughout her employment from 1996 to September 9, 2003, Plaintiff was forced to endure inappropriate remarks and innuendoes of a sexual nature from her Mr. Cooney, the president and/or CEO of her employer. However, From July to September 9 of 2003 Mr. Cooney began making off-colored remarks containing sexual innuendo to Plaintiff. Amongst other inappropriate behavior, Mr. Cooney:

a) made comments and physical gestures suggesting that Plaintiff should have sex with him;

b) told Plaintiff he dreamt about her;

c) told Plaintiff he lusted after her;

d) told Plaintiff she should sit on his lap;

e) told Plaintiff she should go to his condominium;

2

6. During her employment with Defendant Plaintiff was continually and intentionally discriminated against on the basis of her sex and harassed.

7. When Plaintiff reported Mr. Manibusan's behavior to her employer's attorney, the attorney stated in a joking manner that her employer was going to sue her for creating a hostile environment. Mr. Cooney then told Plaintiff that he was going to kill her for reporting his behavior.

8. Thereafter, Plaintiff's supervisor began treating Plaintiff differently – cursing at her, slamming his hand on his desk and telling her that she was not "kissing his [Mr. Cooney's] ass."

9. Employees of the opposite sex were not subjected to the harassment Plaintiff was subjected to.

10. Plaintiff did not encourage, welcome, or consent to the harassment described herein.

11. The harassment described had a substantial detrimental effect on Plaintiff's employment.

12. Defendant had notice of the harassment described herein because such harassment was pervasive and obvious and/or was perpetrated by an individual of sufficient rank and position and ability to hire/fire/discipline/demote or affect these outcomes. These facts impute liability to Defendants and/or impute liability through respondeat superior.

13. Plaintiff reasonably took advantage of any reporting instructions to put Defendants on notice of the harassment. To the extent that any reporting instructions

existed or to the extent that a policy of reporting was created, the instructions or policy was not reasonably disseminated to Plaintiff.

14. The harassment was sufficiently severe or pervasive so as to alter the terms and conditions of the Plaintiff's employment and/or substantially affected Plaintiffs' employment by creating an intimidating, hostile or offensive work environment.

15. As the proximate result of the aforementioned acts of harassment including the unwanted physical contact, Plaintiff suffered outrage, shock, humiliation and emotional trauma and injury which was reasonably likely to occur based on the harassment experienced and accordingly Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

16. As a further proximate result of the aforementioned acts of harassment including the unwanted physical contact and the proximately caused termination of her employment, Plaintiff is entitled to back and future wages in an amount to be proven at trial.

17. As a further proximate result of the aforementioned acts of harassment including the unwanted physical contact, Plaintiff is entitled to punitive damages as the actions of the Defendants were with malice and/or reckless disregard of Federal Statutory laws.

18. Plaintiff is entitled to her attorney's fees and costs.

## COUNT II – CONSTRUCTIVE DISCHARGE

19. Plaintiff reasserts paragraphs 1 – 18 by reference.

20. Plaintiff was forced to resign her employment because defendant's sexual harassment and/or discrimination and/or the response of Defendant to the harassment.

21. A reasonable person in Plaintiff's position would have found the working conditions so intolerable that she would have been compelled to resign.

22. The response of Defendant to the harassment was intentional and that Plaintiff's resignation was a reasonably foreseeable consequence of Defendant's conduct.

23. As a direct and proximate result of the Defendant's actions and inactions, Plaintiff suffered lost wages and emotional injury.

24. Plaintiff is entitled to her attorney's fees.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury of twelve (12).

## PRAYER

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against each Defendant and that the Plaintiff be awarded all relief available to her under the law and statutes, including but not limited to back pay, compensatory damages, punitive damages, for back and future pay, reasonable attorney's fees and costs, and for such other and further relief as this Honorable Court deems just and proper.

Anderson v. Armored Express, Inc.
**Complaint Title VII Employment; and Demand for Jury Trial**
**July 14, 2006**

                                                             LAW OFFIECES OF GORMAN & GAVRAS

Dated: July 14, 2006                                    _/s/ WILLIAM L. GAVRAS_____
                                                             WILLIAM L. GAVRAS
                                                             Attorneys for Plaintiff
                                                             CONNIE ANDERSON

Anderson v. Armored Express, Inc.

6

Case 1:06-cv-00019   Document 1   Filed 07/14/2006   Page 6 of 8

# CHARGE OF DISCRIMINATION

**TO:** Equal Employment Opportunity Commission

**FROM:** Connie S. Anderson (female)
c/o William Gavras
2nd Floor, J & R Bldg
208 Route 4
Hagatna, Guam 96910
(671) 472-2302

P.O. Box 1879
Agana, Guam 96910

**EMPLOYER COMPLAINED AGAINST:**

Armored Express Services, Inc.
P.O. Box 24408
GMF
Guam 96921
(671) 649-3249/50

RECEIVED
FEB 1 0 2004
EEOC HLO

**Number of Employees:** More than 15

**Date(s) Offenses Occurred:**

At various times throughout my length of employment from approx. 1996 - 9/9/03.

**Cause of Discrimination is based on:**

Title VII – Discrimination based upon sex. Sexual Harassment, hostile work environment, retaliation and constructive discharge.

**The particulars are as follows:**

I was working for the company as the accounting manager. In approximately July - September 2003 explicit verbal sexual harassment began. Mr. Cooney, the head of the company began making off-colored remarks to me (sexual innuendo). He made comments and physical gestures suggesting strongly that we should have sex. He told me he dreamt about me. He then began to say that it was not his fault because he lusted after me. He said it was my fault. He told me I should sit on his lap when I came in his office. He said I should go to his condominium and then complained when I did not. Throughout this period of time I would tell Mr. Cooney to stop his conduct.

I complained to Mitch Thompson who was Mr. Cooney's attorney about the conduct I was being forced to endure. I asked Mr. Thompson to have the owner stop his conduct. Mr. Thompson came back to my office and jokingly said that they were going to sue me for creating a hostile environment. Afterwards, Mr. Cooney then

wanted to know why I told on him and stated that he would kill me for telling Mr. Thompson what he had done. He told me that Mr. Thompson chastised him at length for his conduct.

Mr. Cooney then refused to talk to me or come in to the office. My immediate manager, Mr. Williams, then started treating me differently and told me that I was "not kissing his [Cooney's] ass." Mr. Williams at one point cursed at me and slammed his hand on his desk.

As late as September 3, 2003, I asked Mr. Cooney to help fill out medical information forms relating to himself. A section of the form asked if Mr. Cooney was male or female. I began to fill out this section and Mr. Cooney asked how I knew he was male.

The situation continued to be so oppressive and stressful that I was forced to resign my employment.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: February 11, 2004                 _____
                                        Connie Anderson

In and For Guam, U.S.A.  )
                         ) ss
City of Hagatna          )

On this __11__ day of February, 2004 before me personally appeared Connie Anderson who swore to the truth of this document.

_____
NOTARY PUBLIC
My Commission expires  8/30/06

ANGELINA O. CRUZ
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission Expires: August 30, 2006
P.O. Box 7865 Tamuning, Guam 96931